

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-7075

Re: Payment of premium on Surety
Bond of State Official

This will acknowledge receipt of your letter of July 9, 1946, wherein you ask the opinion of this department upon the question of whether the premium on the Official Bond furnished by a member of the Board of Water Engineers may be paid out of the appropriation of the Executive and Administrative Department, under the heading of "Board of Water Engineers", as set out in Senate Bill No. 317, Acts of the 49th Legislature, 1945, quoted in part as follows:

"Office supplies, equipment, utilities and
contingent expenses ---------$2,850.00."

It appears that the Appropriation Bill above referred to provides no sum of money specifically for the payment of the bond premiums for the members of the Board of Water Engineers; neither do the Articles under Title 128, Section 2, Revised Civil Statutes of Texas, provide specifically for the payment of the bond premiums for members of the Board of Water Engineers.

We cite you to Attorney General's Opinion No. 0-2092, and quote from such opinion as follows:

"It is the rule that an officer or agent of the State is allowed only such compensation and emoluments as are expressly conferred upon him as remuneration for the discharge of his official duties as an agent of the State. McCalla v. City of Rockdale, 112 Tex. 209, 246 S. W. 654. It follows that any public officer or agent who demands mileage, fees or expenses must point out some statute authorizing its allowance. Where a duty requiring an expenditure of money is imposed upon a public officer or agent, and no provision is made to

Honorable George H. Sheppard, page 2

defray the same, such officer or agent is deemed to be repaid for the expenses incurred in the discharge of such duty by whatever compensation is allowed and paid to him for his services as such public agent. It is therefore apparent that, in order for the Chief Clerk of the Department of Agriculture to be entitled to reimbursement for the expense incurred by him in furnishing the bond required by statute, there must exist some statutory provision for the allowance and payment of the same."

Since there is no provision of the statutes or specific item in the Appropriation Bill, contemplating reimbursement by the State to the members of the Board of Water Engineers for the expenses incurred by them in furnishing the Official Bond required by law, you are advised that such bond premium cannot be regarded as a contingent item of expense lawfully to be incurred by the Department, and, therefore, such bond premium may not be paid by the Board of Water Engineers out of its contingent expense fund.

Reference is made to Attorney General's Opinions, Nos. 0-2092, 0-3866, 0-4205 and 0-3032.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Fancher Archer
Fancher Archer
Assistant

APPROVED JUL 20 1946

FIRST ASSISTANT
ATTORNEY GENERAL

FA:fb
Enclosures


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN